McCLENDON, Judge Pro Tempore.
In this succession proceeding plaintiffs, brothers of the decedent, William Marshall Bailey, sued to vacate a judgment of possession and to be recognized as the sole heirs of the decedent. The trial court ruled *809 in favor of plaintiffs. From this adverse ruling defendant appeals, alleging the trial court erred in holding he was not the acknowledged natural child of the decedent and erred in accepting oral testimony contrary to the alleged acknowledgment. For the following reasons, we affirm.
William Marshall Bailey died intestate on June 14, 1980. He was survived by his wife, Mary Alice Bailey, and his two brothers, Walter and Robert L. Bailey. The decedent had no legitimate descendants, however he and his wife reared Huey Earl Bailey, the defendant, in their home from infancy.
The decedent left as his separate estate 13 and % acres of land located in DeSoto Parish. On November 24, 1980, the defendant and decedent’s surviving wife executed a mineral lease on the property. On July 29, 1981, defendant obtained a judgment of possession recognizing him as the only child and sole heir of the decedent and entitling him to possession of the separate estate. On August 21, 1981 the defendant granted to the surviving wife the right of habitation of the 13 and ⅜ acres of land.
It is undisputed that the defendant’s mother is Winnie Cook, the younger sister of decedent’s surviving wife. In 1947 Winnie Cook, then 19 years old, left Oklahoma and came to the home of the decedent and his wife in DeSoto Parish. While there she gave birth to the defendant. Soon after this birth, defendant’s mother returned to Oklahoma, leaving the defendant to be raised by the decedent and his wife.
Defendant was held out in the community as the child of decedent and his wife. When it became necessary to obtain a birth certificate to enroll the defendant in school, they named themselves as mother and father of the child on the birth certificate, although neither was actually a parent. The couple eventually put the defendant through college.
Based on these facts, the defendant claims that he is the natural child of the decedent and has been acknowledged as such. However, the trial court found, based on the following testimony, that the decedent was not the defendant’s father. Winnie Cook, the defendant’s mother, testified in deposition that the defendant’s father was Homer Holmes Stewart, her high school teacher in Oklahoma. Two relatives of the decedent testified that Winnie Cook was pregnant when she came to Louisiana from Oklahoma in 1947 to give birth at her sister’s home.
The only evidence to the contrary is the testimony of the decedent’s surviving wife, who testified the decedent told her he was Huey Earl Bailey’s father.
The record supports the trial court’s factual conclusion that the defendant, Huey Earl Bailey, was not the illegitimate child of the decedent, William Marshall Bailey. Because this finding of fact is not clearly wrong, it will not be disturbed on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Since the defendant was not the child of the decedent, illegitimate or otherwise, he was not susceptible of being acknowledged by the decedent. The acknowledgment articles are included in the La. Civil Code under Title VII, “Of Father and Child”. This title is divided into five chapters: “Of Children in General, Of Legitimate Children, Of Illegitimate Children, Of Adoption, and Of Paternal Authority.” The acknowledgment articles are in the chapter titled “Of Illegitimate Children.” Article 203 states:
The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in the presence of two witnesses, by the father and mother or either of them, or it may be made in the registering of the birth or baptism of such child, (emphasis added)
Clearly, this article presupposes that the child claiming acknowledgment is the illegitimate child of the parent. Had the decedent desired for the defendant to inherit his separate estate, he could have accomplished this by a will or by adopting the defendant, but he did neither.
The defendant’s argument that the trial court erred in accepting the testi *810 mony of the defendant’s mother, Winnie Cook, which in effect defeated the purported acknowledgment, is also without merit. The defendant argues that Winnie Cook’s testimony lacked credibility. It is well settled that the determination of credibility is a function allocated to the trial court because of its better capacity to evaluate live witnesses compared with the appellate court’s access to the cold record. Green v. Farmers Insurance Co., 412 So.2d 1136 (La.App. 2nd Cir.1982).
For these reasons the trial court judgment is affirmed, at appellant’s cost.